[No. 20603.    Department One.    August 26, 1927.]

GAMMA CHI CLUB HOUSE ASSOCIATION, *Appellant*, v. WALTER HENRY DRAHAM, *Respondent*.[1]

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered January 3, 1927, dismissing an action on contract, after findings in favor of the defendant. Affirmed.

*Vance & Christensen*, for appellant.

*Thos. L. O'Leary*, for respondent.

PER CURIAM.—The appellant is a corporation organized under the laws of the state of Washington. It was organized for the purpose of erecting and maintaining a building to be used as a home for a Greek letter society at the University of Washington, known as the Sigma Nu. On May 1, 1916, the respondent was a student at the university and a member of the society named. To aid in obtaining funds for the construction of the home for the society, the respondent executed and delivered to the corporation his promissory note for the sum of $150. The note was dated May 1, 1916, and became due and payable on September 1, 1920. The respondent was a minor at the time of its execution. No part of the note was paid, and the present action was instituted to recover thereon on August 31, 1926, the day before an action thereon would have been barred by the statute of limitations. As a defense to the action, the respondent pleaded that he was a minor at the time of the execution of the note, that it was not given for necessaries, that he received no money or property as a consideration for its execution, and that he had disaffirmed the contract evidenced by the note within a reasonable time after reaching the age of majority. The trial court found, on the issues of fact, in favor of the respondent, and entered a judgment dismissing the action with prejudice.

The case hinged on the question whether the respondent had disaffirmed the contract within a reasonable time after reaching his majority. While there is a somewhat elaborate discussion of the question in the briefs, we feel that we need not follow the arguments. There was a decided conflict in the evidence, and our examination of it has not convinced us that it preponderates against the conclusion of the trial court.

Affirmed.

[1]Reported in 258 Pac. 1119.